Beverly KNEPPER, Plaintiff–Appellant,

v.

Larry G. MASSANARI, Acting Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 99–35948.

D.C. No. CV–98–01257–JO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided Aug. 30, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant Beverly Knepper appeals the district court's order affirming the Social Security Administration Commissioner's decision denying Appellant Knepper's application for disability insurance.

The Administrative Law Judge ("ALJ") improperly discredited Ms. Knep-

---

* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

per's testimony. Upon finding that Ms. Knepper had a severe impairment, the ALJ was required to make specific findings linking his credibility determination to the specific relevant evidence in the record. *See Bunnell v. Sullivan,* 947 F.2d 341, 345–48 (9th Cir.1991) (en banc)(holding that once claimant establishes the existence of a medically ascertainable impairment, the ALJ cannot deny disability benefits solely because the degree of impairment is not supported by objective medical evidence, but must make specific findings demonstrating that the ALJ did not arbitrarily discredit claimant's pain testimony).

■ The ALJ also erred by failing to fully consider lay testimony, including that of Ms. Knepper and her mother, in determining the onset date of Ms. Knepper's impairments, as the medical experts were unable to determine the onset date. *See Armstrong v. Comm'r of the Soc. Sec. Admin.,* 160 F.3d 587, 589–91 (9th Cir.1998).

Accordingly, we reverse the district court's decision and remand with instructions to the district court to return the case to the ALJ for proper determinations of Ms. Knepper's credibility, the onset date of her impairment, and whether Ms. Knepper is disabled and entitled to benefits.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**